## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **No. 08mj67** |
| **vs.** | **ORDER FOR PRETRIAL DETENTION** |
| **JEFFREY WHITNEY,** | |
| **Defendant.** | |

---

On the 31st day of March, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Special Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by Attorney Jill M. Ableidinger.

### RELEVANT FACTS

On March 25, 2008, Defendant Jeffrey Whitney was charged by Criminal Complaint (docket number 1) with possession of a firearm while being an unlawful user of a controlled substance  Following a preliminary hearing held at the same time as the instant detention hearing, the Court found probable cause to believe that Defendant had committed the crime set forth in the Criminal Complaint.

Officer Brian Freeberg of the Cedar Rapids Police Department testified that on March 25, 2008, officers were called to a residence on Second Avenue SW in Cedar Rapids regarding shots fired. Officers discovered a hole in the east wall of the residence, bullet markings on the ceiling, and a bullet on the floor. The officers then went to the adjacent apartment building and spoke with Defendant Jeffrey Whitney and his girlfriend. Whitney's girlfriend, Majesta Campbell, told officers that Defendant had fallen and the weapon was discharged accidently. Defendant was heavily intoxicated and told officers that he could not recall any details.

After obtaining a Search Warrant, officers found five rifles, two shotguns, and a black powder pistol in the apartment occupied by Defendant and his girlfriend. Defendant admitted that he purchased the firearms and they belonged to him. Officers also found drug paraphernalia, including marijuana pipes and a bong. Defendant admitted that he is a "recreational user" of marijuana and had used marijuana on the day prior to the search.

One of Defendant's neighbors reported to officers that Defendant had shot a weapon from the porch of his residence on prior occasions. According to Officer Freeberg, Defendant admitted to officers that he thinks about shooting people "all the time." Found in Defendant's residence were newspaper articles regarding the Virginia Tech shooting and the arming of campus security officers. There was also an article about the KKK, but Defendant denied that he was a member.

According to the Pretrial Services Report, Defendant is 23 years old and has resided in Cedar Rapids all of his life. He has never been married and has no children. Defendant is employed as a janitorial supervisor and is described by his employer as "an excellent employee."

Defendant admitted to the Pretrial Services Officer that he began using marijuana at age 12 and continues to use "one once every two weeks." In addition, Defendant drinks alcohol on weekends.

In 2006, Defendant was convicted of possession of drug paraphernalia and possession of a controlled substance. He received a deferred judgment on the possession of a controlled substance charge and successfully completed one year of probation. Defendant reported to the Pretrial Services Officer that he successfully completed a substance abuse outpatient program in 2006. He also reported that as a juvenile, he was hospitalized on about eight different occasions for suicide attempts.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant was charged with possession of a firearm while being an unlawful user of a controlled substance. While the discharge

of a weapon is not an element of the offense, the Court believes that it is relevant to the issue of whether Defendant's release poses a danger to the community. In this case, Defendant apparently discharged the weapon and the bullet penetrated a neighbor's residence. According to another neighbor, this is not the first time that Defendant has discharged weapons from his home. In addition, Defendant continues to drink heavily and use controlled substances. The Court also has concerns regarding Defendant's mental health status, including comments made to officers that he often thinks about shooting people.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.    The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.    The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.    On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.    The time from the Government's oral motion to detain (March 26, 2008) to the filing of this Ruling (April 1, 2008) shall be excluded in computing the time within

which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 1st day of April, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA